# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60472
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2015

Lyle W. Cayce
Clerk

SINGH SWARAN,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 351 893

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

The Immigration and Naturalization Service charged petitioner, a native and citizen of India, with being subject to removal as an alien present in the United States without a valid entry document under 8 U.S.C. § 1182(a)(7)(A)(i)(I), and commenced removal proceedings. Petitioner conceded he was removable and applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60472

Border Patrol Agents apprehended petitioner in 2008, shortly after he entered the United States illegally, and about three years after his marriage in India to a woman of the Jatt Sikh caste—a higher caste than petitioner's Ramdasia Sikh caste—without her father's consent. Petitioner maintains inclusion in his caste subjected him and his family to persecution in India, and forms the basis of his asylum claims.

Although the immigration judge (IJ) determined petitioner was credible, the IJ concluded he was not entitled to asylum relief or withholding of removal or CAT protection. The IJ concluded that, although petitioner's Ramdasia Sikh caste constituted a particular social group, he failed to demonstrate he was persecuted based on his group membership, he was persecuted at all, or he had a well-founded fear of future persecution.

In dismissing petitioner's claims on appeal, the Board of Immigration Appeals (BIA) agreed with the IJ that petitioner had not established his membership in the Ramdasia Sikh caste was one central reason for his alleged persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). The BIA also noted petitioner had abandoned his CAT claim.

In seeking review of the BIA's decision, petitioner has abandoned his claim for withholding of removal. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Accordingly, at issue are only his claims supporting asylum.

Despite petitioner's suggestion we review the issue *de novo,* the determination that an alien is not eligible for asylum is reviewed under the substantial-evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, the BIA's conclusion must be substantially reasonable and based on evidence presented, and relief is only appropriate where the evidence is "so compelling that no reasonable factfinder could fail to

No. 14-60472

find the requisite fear of persecution". *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350–51 (5th Cir. 2002) (citation omitted).  The underlying decision of the IJ is reviewed only if it influenced the BIA's decision.  *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Substantial evidence supports the BIA's conclusion that petitioner's failure to ask for permission to marry was the motivation for his father-in-law's threats and beating of petitioner.  His father-in-law personally told him he was displeased because he had not asked for permission to marry his daughter.  Relatives of the bride were absent from the wedding because petitioner did not have her father's approval of the marriage.  That there is also evidence suggesting caste-based vindictiveness does not compel a conclusion contrary to the BIA's.  *See Shaikh*, 588 F.3d at 864.  In short, petitioner has not met the difficult requirement that he set forth evidence "so compelling that no reasonable factfinder could fail to find" his membership in the Ramdasia Sikh caste was one central reason for his father-in-law's actions and threats.  *Ontunez-Tursios*, 303 F.3d at 351; *see* § 1158(b)(1)(B)(i).

Because the petition is denied for the foregoing reasons, we need not consider petitioner's other bases for maintaining asylum relief is proper.  *See Mwembie v. Gonzales*, 443 F.3d 405, 414 (5th Cir. 2006); *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

DENIED.